UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. O'LAUGHLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:19-cv-00123-SPM |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Timothy P. O'Laughlin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition appears to be time-barred and moot, as petitioner is no longer in custody under the conviction he is attacking. As such, the Court will order petitioner to show cause why his petition should not be summarily dismissed.

### **Background**

Petitioner is presently being held at the United States Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a commitment under 18 U.S.C. § 4246.[1] He brings this action pursuant to 28 U.S.C. § 2254, challenging a state court conviction.

Petitioner was charged in Missouri state court with one count of third-degree assault. *State of Missouri v. O'Laughlin*, No. 2104R-05539 (21st Cir., St. Louis County).[2] He pled guilty

---

[1] Petitioner has been charged with two counts of interstate stalking in violation of 18 U.S.C. § 2261A(2)(A) and one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c). *United States v. O'Laughlin*, No. 4:12-cr-00181-CDP-1 (E.D. Mo. May 2, 2012). After multiple competency evaluations and the use of forced medication, petitioner was found incompetent to proceed to trial and unlikely to be restored to competency. Ultimately, the United States District Court for the Western District of Missouri committed petitioner under 18 U.S.C. § 4246, finding that he would be a danger to others if released. While petitioner makes reference to his federal case in his petition, he does not attack those proceedings in this action.

[2] In his petition, petitioner also refers to a case with the citation 05CR-001210. The Court cannot find any case by that number on Case.net, Missouri's online case management system.

on November 27, 2006, and was sentenced that same day to one year of incarceration. Petitioner did not file a direct appeal.

Petitioner filed his petition for writ of habeas corpus on January 23, 2019, by placing it in his institution's mailing system.[3] (Docket No. 1 at 13). He states three grounds for relief. First, he alleges that St. Louis County never had legitimate charges against him. (Docket No. 1 at 5). Next, he states that his alleged crimes could not be proven. (Docket No. 1 at 6). Finally, he claims that he was unaware that he could have reversed his November 27, 2006 guilty plea within thirty days. (Docket No. 1 at 8).

## Discussion

For the reasons discussed below, petitioner's petition for writ of habeas corpus appears to be time-barred, as the statute of limitations expired on December 7, 2007, and petitioner did not file the instant action until January 23, 2019. Furthermore, it does not appear that petitioner was in custody under the conviction he is attacking at the time he filed this petition, making his petition moot.

**A. Statute of Limitations**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year period begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

---

[3] "[A] pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final").

Petitioner was sentenced in state court on November 27, 2006. He did not file an appeal. Thus, his judgment became final on December 7, 2006, ten days after his sentencing. Under the AEDPA, petitioner had one year from the date his judgment became final in which to file his federal petition for writ of habeas corpus. In other words, he had until December 7, 2007, to timely file his petition. He did not file the instant petition until January 23, 2019, approximately eleven years after his limitations period expired. Moreover, petitioner did not file any state post-conviction actions that might have tolled any of this time.[4] As such, it appears that his petition is time-barred.

**B. Mootness**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on

---

[4] On January 16, 2019, petitioner filed a petition in state court titled "Permanent Injunction of Relief." *O'Laughlin v. State of Missouri*, No. 19SL-CC00382 (21st Cir., St. Louis County). In the motion, petitioner discusses the state court conviction at issue in this case. The circuit court dismissed the petition on January 24, 2019, because it was not filed on a proper form and because it did not state a cause of action. To the extent that this filing can be construed as a post-conviction action, it does not alleviate the untimeliness of his federal habeas petition. The time period "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 1999). As noted above, petitioner's judgment became final on December 7, 2006. Accordingly, the one-year limitations period expired on December 7, 2007, long before petitioner filed his state-court post-conviction petition on January 16, 2019.

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). An incarcerated petitioner's challenge to the validity of his or her conviction always satisfies the case-or-controversy requirement, because the incarceration itself, or the restrictions imposed by parole, constitute a concrete injury. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a petitioner's sentence has expired, though, there must be some concrete and continuing injury, "some collateral consequence of the conviction," in order to maintain the suit. *Id*. In other words, even if a petitioner is released from custody, the case is not moot if he or she faces significant repercussions from the allegedly unlawful punishment. *Leonard v. Nix*, 55 F.3d 370, 372-73 (8th Cir. 1995).

With that said, a habeas petitioner is required to be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Once the petitioner's sentence for a conviction has completely expired, the collateral consequences of the conviction alone are insufficient to render the petitioner "in custody" for purposes of seeking habeas relief. *Id*. at 492.

Here, it does not appear that petitioner was "in custody" pursuant to his state court conviction for third-degree assault at the time he filed this petition. Petitioner was sentenced on that conviction on November 27, 2006 to one year of incarceration. As such, without receiving any additional credit for presentence detainment, he would have been released on or about November 27, 2007, long before he filed this action on January 23, 2019. Furthermore, when petitioner filed the instant petition he was – and remains – confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a commitment under 18 U.S.C. § 4246.

In short, petitioner did not invoke the jurisdiction of the federal court while in state custody on his conviction in *State of Missouri v. O'Laughlin*, No. 2104R-05539 (21st Cir., St. Louis County). *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (explaining that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application"). That is, his state sentence had completely expired before the filing of the present action. Therefore, it appears that petitioner was not "in custody under the conviction or sentence under attack at the time his petition [was] filed," and that his petition is moot. *See Maleng*, 490 U.S. at 490-91.

### C. Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. However, before doing so, the Court must provide notice to the petitioner and allow him the opportunity to state his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Hence, the Court will order petitioner to show cause, in writing and no later than **thirty (30) days** from the date of this order, why this action should not be dismissed as time-barred and moot.

### D. Motion for Leave to Proceed In Forma Pauperis

Petitioner has filed a document entitled "Certification for Proceeding under 28 U.S.C. § 1915." (Docket No. 2). This document has been construed as a motion for leave to proceed in forma pauperis. Having reviewed the financial information provided in support, the Court finds that the motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred and moot.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 22nd day of April, 2019.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE