# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY P. O'LAUGHLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:19-cv-00123-SPM |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Timothy P. O'Laughlin's response to the Court's April 22, 2019 order to show cause. (Docket No. 8). The Court had ordered petitioner to show cause why his 28 U.S.C. § 2254 petition for writ of habeas corpus should not be dismissed as time-barred and moot. Having carefully reviewed petitioner's response, as well as his supplemental response, and for the reasons discussed below, the Court must dismiss this action.

## Background

Petitioner is presently being held at the United States Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a commitment under 18 U.S.C. § 4246.[1] He brings this action pursuant to 28 U.S.C. § 2254, challenging a state court conviction.

On December 30, 2004, petitioner was charged in Missouri state court with one count of third-degree assault. *State of Missouri v. O'Laughlin*, No. 2104R-05539 (21st Cir., St. Louis

---

[1] Petitioner has been charged in federal court with two counts of interstate stalking in violation of 18 U.S.C. § 2261A(2)(A) and one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c). *United States v. O'Laughlin*, No. 4:12-cr-00181-CDP-1 (E.D. Mo. May 2, 2012). After multiple competency evaluations and the use of forced medication, petitioner was found incompetent to proceed to trial and unlikely to be restored to competency. Ultimately, the United States District Court for the Western District of Missouri committed petitioner under 18 U.S.C. § 4246, finding that he would be a danger to others if released. While petitioner makes reference to his federal case in his petition, this has been filed as a petition under 28 U.S.C. § 2254, and attacks a state court conviction.

County).[2] He pled guilty on November 27, 2006, and was sentenced that same day to one year of incarceration. Petitioner did not file a direct appeal.

Petitioner filed his petition for writ of habeas corpus on January 23, 2019, by placing it in his institution's mailing system.[3] (Docket No. 1 at 13). He states three grounds for relief. First, he alleges that St. Louis County never had legitimate charges against him. (Docket No. 1 at 5). Next, he states that his alleged crimes could not be proven. (Docket No. 1 at 6). Finally, he claims that he was unaware that he could have reversed his November 27, 2006 guilty plea within thirty days. (Docket No. 1 at 8).

On April 22, 2019, the Court ordered petitioner to show cause why his case should not be dismissed as time-barred and moot.[4] (Docket No. 7). The Court noted that petitioner was sentenced on November 27, 2006, and did not file a direct appeal. He did not file the instant petition until January 23, 2019, well beyond the one-year limitations period. The Court further noted that at the time petitioner filed the instant action, he was not in custody under the conviction he was attacking, making his petition moot. Petitioner was given thirty days in which to respond.

On April 29, 2019, petitioner complied with the Court's order by filing a response to the order to show cause. (Docket No. 8). He has also filed a supplemental response, which the Court has reviewed. (Docket No. 9).

---

[2] In his petition, petitioner also refers to a case with the citation 05CR-001210. The Court cannot find any case by that number on Case.net, Missouri's online case management system.

[3] "[A] pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

[4] Prior to summarily dismissing a § 2254 petition for the reason that it is plainly apparent that the petitioner is not entitled to relief, the Court is required to provide notice to the petitioner and allow him the opportunity to state his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

## Petitioner's Response to Show Cause Order

Petitioner's responses to the Court are disjointed and difficult to understand. More pertinently, they do not address the issues presented in the Court's order of April 22, 2019.

Petitioner begins by stating that "these filings/petitions were generated from dissecting" his federal criminal case. (Docket No. 8 at 1). In that case, he asserts that Judge Perry clearly indicates that his state conviction was invalid and that he has "ongoing ineffective legal misrepresentation by" his assistant federal public defender, Nanci McCarthy. He further claims that his assistant federal public defender was the "supervisor" for the state cases that are the subject of his § 2254 petition.

In his state case, petitioner claims that all persons pertaining to the case were deposed, and that he was cleared. Nevertheless, he states that a plea was conducted "in a hallway" rather than in open court, with no court reporter present. He states that the judge did not use a checklist to verify that he understood his rights. Furthermore, he claims he was not afforded legal research material, despite multiple requests to Ms. McCarthy.

Petitioner mentions the phrase "equitable tolling" but does not use it in the context of explaining why it took him so long to file the instant § 2254 petition. He also alleges that his rights are being continuously violated by selective prosecution, and that these wrongs are still occurring.

The second page of petitioner's response consists entirely of case numbers and arrest numbers. (Docket No. 8 at 2).

Petitioner's supplemental response is similarly difficult to decipher. He titles the filing "Supplemental information to document # 7," referring to the Court's April 22, 2019 order. (Docket No. 9 at 1). He then provides a list of statements, including: "impose special

assessment;" "violation; non voluntary/documentation;" "violated disclosure plea in open court;" and "nunc pro tunc, equitable tolling, extraordinary, direct appeal/collateral attack." Petitioner does not explain the relevance of these statements to the issues of timeliness and mootness. On the second page, he requests a "waiver [of] ignition interlock [and] expungement of last 3 alleged D.U.I.'s due to selective prosecution." (Docket No. 9 at 2). Again, he does not explain the relevance of these requests to the issues raised in the Court's order to show cause.

## Discussion

On April 22, 2019, the Court ordered petitioner to show cause why his case should not be dismissed as time-barred and moot. Petitioner has filed two responses. Having reviewed both responses, and for the reasons discussed below, the Court must dismiss this action as untimely and moot.

### A. Statute of Limitations

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year period begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th

Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final").

Petitioner was sentenced in state court on November 27, 2006. He did not file an appeal. Thus, his judgment became final on December 7, 2006, ten days after his sentencing. Under the AEDPA, petitioner had one year from the date his judgment became final in which to file his federal petition for writ of habeas corpus. Therefore, he had until December 7, 2007, to timely file his petition. He did not file the instant petition until January 23, 2019, approximately eleven years after his limitations period expired. Moreover, petitioner did not file any state post-conviction actions in the interim that might have tolled any of this time.[5] Thus, petitioner's § 2254 petition is time-barred.

In his show cause response, petitioner mentions equitable tolling. The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to

---

[5] On January 16, 2019, petitioner filed a petition in state court titled "Permanent Injunction of Relief." *O'Laughlin v. State of Missouri*, No. 19SL-CC00382 (21st Cir., St. Louis County). In the motion, petitioner discusses the state court conviction at issue in this case. The circuit court dismissed the petition on January 24, 2019, because it was not filed on a proper form and because it did not state a cause of action. To the extent that this filing can be construed as a post-conviction action, it does not alleviate the untimeliness of his federal habeas petition. The time period "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 1999). As noted above, petitioner's judgment became final on December 7, 2006. Accordingly, the one-year limitations period expired on December 7, 2007, long before petitioner filed his state-court post-conviction petition on January 16, 2019.

demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Here, despite mentioning the doctrine of equitable tolling, petitioner makes no effort to demonstrate that he has been diligently pursuing his rights. Furthermore, despite mentioning extraordinary circumstances standing in the way of his filing, he does not articulate what those circumstances were. As such, the doctrine of equitable tolling is not applicable, and the petition is time-barred.

### B. Mootness

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). An incarcerated petitioner's challenge to the validity of his or her conviction always satisfies the case-or-controversy requirement, because the incarceration itself, or the restrictions imposed by parole, constitute a concrete injury. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a petitioner's sentence has expired, though, there must be some concrete and continuing injury, "some collateral consequence of the conviction," in order to maintain the suit. *Id*. In other words, even if a petitioner is released from custody, the case is not moot if he or she faces significant repercussions from the allegedly unlawful punishment. *Leonard v. Nix*, 55 F.3d 370, 372-73 (8th Cir. 1995).

Nevertheless, a habeas petitioner is required to be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Once the petitioner's sentence for a conviction has completely expired, the collateral consequences of the conviction alone are insufficient to render the petitioner "in custody" for purposes of seeking habeas relief. *Id*. at 492.

Here, petitioner was not "in custody" pursuant to his state court conviction for third-degree assault at the time he filed this petition. Petitioner was sentenced on that conviction on November 27, 2006 to one year of incarceration. As such, without receiving any additional credit for presentence detainment, he would have been released on or about November 27, 2007, long before he filed this action on January 23, 2019. Furthermore, when petitioner filed the instant petition he was – and remains – confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a commitment under 18 U.S.C. § 4246.

In short, petitioner did not invoke the jurisdiction of the federal court while in state custody on his conviction in *State of Missouri v. O'Laughlin*, No. 2104R-05539 (21st Cir., St.

7

Louis County). That is, his state sentence had completely expired before the filing of the present action. Therefore, petitioner was not "in custody under the conviction or sentence under attack at the time his petition [was] filed," rendering his petition moot. *See Maleng*, 490 U.S. at 490-91. Nothing in petitioner's responses to the Court's order to show cause demonstrates otherwise. Therefore, the instant § 2254 petition is moot.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred, as his petition was filed approximately eleven years after the expiration of the statute of limitations. Petitioner's response to the Court's show cause order does not establish that equitable tolling is applicable to his case. Therefore, the Court must dismiss his petition pursuant to 28 U.S.C. § 2244. Furthermore, petitioner was not in state custody at the time he filed his § 2254 petition attacking his state conviction. As such, the petition must also be dismissed for mootness.

### D. Certificate of Appealability

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred and moot. *See* Rule 4 of the

Rules Governing Habeas Corpus Proceedings. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 9th day of May, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE